```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Criminal No. 16-258(DSD/BRT)
```

United States of America,

       Plaintiff,

v.                                                            **ORDER**

Houston Oliver,

       Defendant.

This matter is before the court upon the objections by defendant Houston Oliver to the December 28, 2016, report and recommendation of Magistrate Judge Becky R. Thorson (R&R). In her report, the magistrate judge recommends denying Oliver's motions to dismiss the indictment, suppress evidence, and for a <u>Franks</u> hearing. Oliver objects to certain portions of the R&R. Based on a de novo review of the file, record, and proceedings herein, the court overrules the objections and adopts the R&R.

## BACKGROUND

The background of this motion is fully set out in the R&R. Because defendant does not challenge the factual statements contained in the R&R, the court will not repeat them here except as necessary to resolve Oliver's objections.

On May 20, 2015, Oliver was indicted on the charge of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. <u>United States v. Oliver</u>,

Crim. No. 15-164, ECF No. 1.  On the government's motion under Fed. R. Crim. P. 48(a), the court dismissed the indictment without prejudice before trial.  See id., ECF Nos. 188, 189.  Before doing so, the court denied Oliver's motions to suppress and for a Franks hearing.  Id., ECF No. 146.

On September 27, 2016, the instant case commenced after Oliver was again indicted for the same offense.  Oliver moved to suppress evidence and for a Franks hearing, making the same arguments raised in the previous case.  Oliver also moved to dismiss the indictment.  The magistrate recommends that the court deny the motions.[1]

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

**I.   Motion to Dismiss the Indictment**

Oliver first objects to the magistrate judge's recommendation that his motion to dismiss the indictment be denied.  He argues, incorrectly, that the court did not specify whether the first indictment, pursuant to Fed. R. Crim. P. 48(a), was dismissed with

---

[1] The magistrate judge held an evidentiary hearing during which Minneapolis Police Sergeant John Biederman testified about the investigation leading to the search warrants.  The government also offered the search warrants as exhibits.  The testimony and exhibits, which the court has reviewed, are the same as those presented in the evidentiary hearing in the previous case.

or without prejudice.  To the contrary, the dismissal order expressly stated that "the Indictment ... is dismissed without prejudice."  United States v. Oliver, Crim. No. 15-164, ECF No. 189.  Indeed, indictments are typically dismissed without prejudice under Rule 48(a).  See DeMarrias v. United States, 487 F.2d 19, 21 (8th Cir. 1973) ("[Rule] 48(a) has been regularly interpreted to mean that a dismissal of an indictment at the request of the government prior to trial does not bar subsequent prosecution for criminal acts described in that indictment.").

Oliver also argues that the court erred in dismissing the indictment because the record was insufficient to establish that the government did not act in bad faith or in violation of his due process rights in moving to dismiss the indictment.  Neither Rule 48 nor case law requires the government to prove such a negative. Further, there is no suggestion of either bad faith motivating, or a due process violation resulting from, the dismissal.

Finally, Oliver argues that he has been prejudiced by the delay in bringing the second indictment.  The court disagrees.  The six-month gap between cases is insufficient to warrant dismissal, particularly given that Oliver provides no specific instances of alleged prejudice beyond the mere fact that he was again indicted. Oliver's objection is overruled.

**II.  Motion to Suppress**

   **A.   <u>Franks</u> Hearing**

In <u>Franks</u>, the Supreme Court "held that a facially sufficient affidavit may be challenged on the ground that it used deliberately or recklessly false statements to demonstrate probable cause." <u>United States v. Smith</u>, 581 F.3d 692, 695 (8th Cir. 2009).  The Eighth Circuit has "extended this rule 'to allow challenges to affidavits based on alleged deliberate omissions.'" <u>Id.</u> (quoting <u>United States v. Reivich</u>, 793 F.2d 957, 960 (8th Cir. 1986)). "[R]ecklessness may be inferred from the fact of omission of information from an affidavit ... only when the material omitted would have been 'clearly critical' to the finding of probable cause."  <u>United States v. Thompson</u>, 690 F.3d 977, 987 (8th Cir. 2012) (quoting <u>United States v. Ozar</u>, 50 F.3d 1440, 1445 (8th Cir. 1995).  "[T]he test 'is whether, after viewing all of the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." <u>United States v. McIntyre</u>, 646 F.3d 1107, 1114 (8th Cir. 2011) (quoting <u>United States v. Butler</u>, 594 F.3d 955, 961 (8th Cir. 2010)).

Oliver argues that he is entitled to a <u>Franks</u> hearing because he believes that the confidential informant (CI) who supplied information in support of the search warrant was Desmond Williams, his alleged accomplice.  But, as noted in the R&R, Oliver's theory

4

that Williams is the CI is not supported by the record.  Nor does the record support a finding that the affidavits supporting the search warrants misrepresented Williams's role in the conspiracy. To the contrary, the evidence presented during the suppression hearing and Williams's plea colloquy is consistent with the information provided in the search warrant affidavits.  Oliver is not entitled to a <u>Franks</u> hearing.[2]

### B.   Search of BMW

Oliver also challenges the search of the BMW.  He argues that the basis for the CI's knowledge, as set forth in the underlying search warrant affidavit, was insufficient to establish that the information provided was reliable.  The court disagrees.  The record establishes that the CI provided reliable and exacting information leading up to the stop of the BMW.  Specifically, the CI provided detailed and accurate information about the cocaine shipped from Arizona, including the originating post office, how it would be packaged, and when it would arrive in Minnesota.  <u>See</u> Gov't Ex. 1, at 1.  Williams further corroborated the CI's information in his interview with police.  The CI also accurately informed officers about the BMW, including its license plate number, the route it would travel, and that it would arrive in Minneapolis on the night of November 30.  <u>See</u> <u>id.</u>  Those

---

[2] Oliver did not formally move for a <u>Franks</u> hearing, but the court will treat his request as a motion.

corroborated facts, coupled with the CI's previous track record, see id., were sufficient to establish the CI's reliability in this case. Accordingly, the R&R correctly determined that there was probable cause supporting the search warrant for the BMW.

**C.   Search of Hotel Room**

Oliver next argues that the cell phones seized during his arrest at the hotel should be suppressed because his arrest was unlawful and the phones were outside the scope of the search warrant. The court disagrees.

First, the cell phones were not seized incident to Oliver's arrest, but rather pursuant to the search warrant. See Gov't Ex. 5, at 6. Second, although the warrant does not expressly list cell phones as items to be seized, see id. at 1, it does list "other media that show standing for an address, vehicle, the location of narcotics proceeds, or a connection between people, addresses and vehicles or that a crime has been committed." Id. It is self-evident that a cell phone could constitute such media. Moreover, officers are not precluded from seizing items not listed in the search warrant if the items may contain items identified in the search warrant. See United States v. Gamboa, 439 F.3d 796, 807 (8th Cir. 2006) (concluding that the seizure of cell phones, which were not listed in the warrant, was proper because cell phones likely contain items specifically identified in the warrant, such as "records of the use and purchase of controlled substances").

6

Here, the search warrant lists "[d]ocuments, mails, address books, notes, receipts, ledgers, [and] photographs," all of which may well be found on a cell phone.  Gov't Ex. 5, at 1.

In any event, officers were authorized to seize the cell phones under the plain-view doctrine.  Under that doctrine, police may seize items without a warrant if the item is "(1) in plain view, (2) when it is observed from a lawful vantage point, [and] (3) where the incriminating character of the item is immediately apparent."  <u>United States v. Banks</u>, 514 F.3d 769, 773 (8th Cir. 2008).  The first two elements are not in dispute, and the third is established given the common recognition that "cellular telephones are recognized tools of the drug-dealing trade."  <u>United States v. Lazcano-Villalobos</u>, 175 F.3d 838, 844 (10th Cir. 1999).  Accordingly, the R&R correctly concludes that the cell phones were lawfully seized from the hotel room.

**D.   Search of Other Properties**

Oliver argues that the evidence seized pursuant the search warrants for his Dupont Avenue home, Washington Avenue loft, and West Broadway Avenue building should be suppressed.  Oliver contends that the search warrant affidavits were insufficient to establish probable cause.  For the reasons stated above with respect to the BMW warrant, the court disagrees.  The R&R correctly finds that the warrants were supported by probable cause.

He also argues that the government had no basis to secure no-knock warrants. This argument in unavailing. According to one of Oliver's alleged co-conspirators, Oliver was extremely upset that the BMW had been interdicted, had access to "a large amount of firearms," and was capable of killing. Gov't Ex. 2, at 5. Under these circumstances, a no-knock warrant was justified. See United States v. Scroggins, 361 F.3d 1075, 1081 (8th Cir. 2004) ("Police officers can justify a no-knock entry if they show they had a reasonable suspicion that knocking and announcing their presence under the particular circumstances would threaten officer safety, be futile, or inhibit the investigation of the crime."). Oliver's objection is overruled.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 42] is adopted in its entirety;

2. The objections to the R&R [ECF No. 47] are overruled;

3. The motion to dismiss the indictment [ECF No. 17] is denied; and

4. The motion to suppress and for a Franks hearing [ECF No. 18] is denied.

Dated: January 17, 2017

s/David S. Doty
David S. Doty, Judge
United States District Court