UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-258(DSD/BRT)

United States of America,

        Plaintiff,

v.                                      **ORDER**

Houston Oliver,

        Defendant.

This matter is before the court upon the motion for judgment of acquittal or a new trial by defendant Houston Oliver. On July 19, 2017, a jury found Oliver guilty of conspiracy to distribute cocaine. The court denied Oliver's first motion for judgment of acquittal, concluding that the evidence was sufficient to sustain the conviction. ECF No. 77.

**I. Rule 29 Motion**

On a defendant's motion for acquittal, the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury

to find the defendant guilty beyond a reasonable doubt." Id. (citation and internal quotation marks omitted).

The court again determines that the government offered evidence that was more than sufficient to sustain a conviction. Therefore, denial of the motion for judgment of acquittal is warranted.

**II. Rule 33 Motion**

Upon the motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). The court has broad discretion to grant a new trial, but should do so "only sparingly and with caution." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004).

Oliver argues that a new trial is warranted based on insufficiency of the evidence and the government's key witness's (Desmond Williams) lack of credibility. The court disagrees. As already noted, the evidence was sufficient to support Oliver's conviction. Additionally, counsel for Oliver vigorously cross-examined Williams in an effort to undermine his credibility. The jury was properly left to weigh his testimony, and the court will not disturb their verdict on this basis.

Oliver also argues that the jury "abandoned its oath" by asking the court what information about them was provided to the lawyers during jury selection. According to Oliver, the question

2

indicates that the jury was influenced by something other than the evidence. The court disagrees. The question reflects a reasonable concern on the part of any jury in a criminal case. The motion is denied.

Accordingly, **IT IS HEREBY ORDERED** that the motion for judgment of acquittal or for a new trial [ECF No. 81] is denied.

Dated: August 2, 2017

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court