UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16-258(DSD/BRT)

United States of America,

        Plaintiff,

v.                                                **ORDER**

Houston Oliver,

        Defendant.

This matter is before the court upon the pro se motion by defendant Houston Oliver to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.[1]

**BACKGROUND**

On July 19, 2017, a jury convicted Oliver of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[2] The presentence investigation report

---

[1] Oliver also requested permission to file a memorandum of law, something he was entitled to do, and ultimately did, without leave of court. See ECF Nos. 117, 119. As a result, the court will deny the motion as moot.

[2] Oliver was previously indicted on the same charge, but the government moved to dismiss the indictment without prejudice under Fed. R. Civ. P. 48(a) on the eve of trial. The court granted the motion without input from Oliver. Oliver later moved to dismiss the second indictment, arguing that the initial indictment should have been dismissed with prejudice and that he should have had an opportunity to respond to the government's motion. The court

(PSR) determined that various sentencing enhancements applied, resulting in a guidelines range of 324 to 405 months. Oliver unsuccessfully challenged application of the enhancements. On November 2, 2017, the court sentenced him to 204 months' imprisonment, specifically noting that it would have imposed the same sentence even if it had ruled otherwise on the enhancements.

Oliver appealed his conviction to the Eighth Circuit Court of Appeals, arguing, among other things, that the court should have provided an accomplice instruction during trial and should have allowed him to oppose dismissal of the first indictment. He did not appeal his sentence. The Eighth Circuit affirmed the conviction in all respects. See United States v. Oliver, 950 F.3d 556 (8th Cir. 2020).

On May 20, 2021, Oliver filed this motion under § 2255, arguing that (1) the court erred in failing to give an accomplice instruction; (2) the court erred in dismissing the first indictment without Oliver's input; (3) the court erred in applying sentencing enhancements; and (4) his trial counsel was constitutionally ineffective in failing to call witnesses and inadequately cross examining the government's key witness.

---

disagreed and allowed the government to proceed on the second indictment.

**DISCUSSION**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**I.  Procedural Default**

Oliver's claims that the court erred in not giving an accomplice instruction and in dismissing the first indictment without prejudice were raised, unsuccessfully, on direct appeal. See Merrell, 842 F.3d at 581-85. As a result, they are not properly before the court. See Bear Stops v. United States, 339

3

F.3d 777, 780 (8th Cir. 2003) ("[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

Oliver is similarly barred from challenging the sentencing enhancements because he could have but did not raise that issue on appeal. Where a defendant has "procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998). Oliver does not claim that he is innocent, nor does he provide any basis on which to conclude that "cause and actual prejudice" exist. As a result, Oliver's first three claims are not subject to review.

**II. Ineffective Assistance of Counsel**

Oliver's remaining claim – that his counsel was constitutionally ineffective – is properly before the court but fails on the merits.

To show that he received ineffective assistance of counsel, Oliver must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, he must show that his counsel's performance was so deficient that it was

4

objectively unreasonable. Strickland, 466 U.S. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, Oliver must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Oliver first argues that his counsel was ineffective in failing to call any witnesses to testify on his behalf.[3] This claim fails, however, because he does not provide names of people he believes should have been called to testify, nor does he detail what the unidentified witnesses would have said to support his defense. See Armstrong v. Kemna, 534 F.3d 857, 867 (8th Cir. 2008) (quoting Harrison v. Quarterman, 496 F.3d 419, 428 (5th Cir. 2007)) ("Ordinarily, a defendant's failure to present some

---

[3] Oliver's counsel underwent brain surgery before trial. Oliver argues that this affected his ability to mount a vigorous defense. Oliver raised no such concerns before or during trial, despite being aware of his counsel's medical condition.

5

evidence from the uncalled witness regarding that witness's potential testimony ... would be fatal to an ineffective assistance of counsel claim."). As a result, Oliver cannot establish prejudice, as required under Strickland. See United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991) ("[A] habeas court cannot even begin to apply Strickland's standards to ... a [missing witness] claim unless and until the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been. Without such a showing, it is ... nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance." (citation and internal quotation marks omitted)).

Oliver next argues that his counsel inadequately cross examined the government's key witness, Desmond Williams. This claim also fails. Oliver contends that his counsel should have cross-examined Williams more thoroughly on his criminal history; established that Williams testified against Oliver to minimize his own conduct and secure a lighter sentence in his own case; and established that Williams was the government's confidential informant, thus further undermining his credibility. But the record amply demonstrates that Oliver's counsel adequately cross-examined Williams on all of these issues. See Trial Tr., ECF No.

107, at 207:7-240:11, 246:8-254:11.  Oliver offers no explanation as to what more he believes his counsel should have done or how any additional questioning would have changed the outcome of the trial.  Accordingly, Oliver has failed to meet Strickland, and his ineffective assistance of counsel claim must be denied.

### III. Informant

In his reply memorandum, Oliver argues – for the first time – that the court violated his Sixth Amendment rights by not disclosing the name of the confidential informant who provided information leading to his arrest, thus preventing him from confronting and cross-examining that witness during trial.  Even if properly raised on reply, this claim lacks merit.

"The threshold issue in determining whether disclosure is required emerges from whether the informant is a material witness." United States v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016). "The defendant bears the burden of proving materiality."  Id. Oliver has not established that the confidential informant was or would have been a material witness at trial.  The confidential informant provided information to law enforcement leading to Oliver's arrest but was not a witness at trial.  Indeed, the informant's testimony was not required as the government presented ample evidence of Oliver's guilt.  As such, the informant was a

"mere tipster" whose identity need not have been disclosed.  Id.

## IV. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  As discussed, the court is firmly convinced that Oliver's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments.  A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 116] is denied;

2. The motion for leave to file a memorandum of law [ECF No. 117] is denied as moot; and

3. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 23, 2021

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court